IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLIP I. MITCHELL, 436681<br>    Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RDB-15-2237 |
| THE STATE OF MARYLAND<br>    Respondent. | * | |
| | ***** | |

**MEMORANDUM**

I.    Procedural History

On July 29, 2015, the court received Phillip I. Mitchell's ("Mitchell") filing of an original and supplemental 28 U.S.C. § 2254 Petition attacking his March 2015 drug convictions in the Circuit Court for Prince George's County.[1]  The Petitions were not accompanied by the $5.00 habeas corpus filing fee or, in the alternative, a motion for leave to proceed in forma pauperis. Mitchell shall not, however, be required to correct this omission.  For reasons to follow the Petition shall be dismissed without prejudice as unexhausted.

II.    Standard of Review

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court.  *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by

---

[1]    The Petition was filed on a 28 U.S.C. § 2255 form for attacking a federal conviction.  It was,

raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847. Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane,* 489 U.S. 288, 297-98 (1989); *Bassett v. Thompson,* 915 F.2d 932, 937 (4th Cir. 1990).

---

however, reconstrued and entered on the docket as a § 2254 petition challenging a state conviction.

III. Analysis

In August of 2014, Mitchell was charged with one count of the manufacturing, distribution, and possession of drugs and one count of possession of a controlled dangerous substance in the Circuit Court for Prince George's County, Maryland. On March 20, 2015, he was found guilty of the possession count and was sentence by Circuit Court Judge Albert W. Northrop to a four-year term, with all but two years suspended. No appeal was filed. *See State v. Mitchell*, Case No. CT141117X (Circuit Court for Prince George's County). *See* copy attached. Mitchell's motion to withdraw a plea was heard on June 12, 2015. His petition for post-conviction relief remains pending in the Circuit Court. *Id*.

Mitchell's Petitions for federal habeas corpus relief raise grounds attacking his plea, the completeness of his pre-sentence investigative report ("PSI"), the legality of his body search and the effectiveness of his defense attorney. He acknowledges that his effective assistance ground is raised in his pending post-conviction petition. ECF No. 2 at pg. 1. The record presented to the court clearly shows that Mitchell has not exhausted his remedies as required under § 2254(c). The post-conviction process may allow him to present his claims and to have them addressed on the merits. The Court sees no basis for waiver of exhaustion requirements. Consequently, the Petition is premature and not subject to substantive review in federal court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Mitchell must satisfy the provisions of 28 U.S.C. § 2253(c) before a Certificate of Appealability may issue. Section 2253 provides that a Certificate of Appealability may issue only if

3

the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  Mitchell is not required to show that he would prevail on the merits. *See Slack v.. McDaniel,* 529 U.S. 473, 483-84 (2000).  When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. at 484).  Because Mitchell has not made a substantial showing of the denial of his constitutional rights, this Court declines to issue a Certificate of Appealability.

IV. Conclusion

For the aforementioned reasons, the court shall dismiss the Petition without prejudice for the failure to exhaust state court remedies.  A separate Order shall be entered reflecting this decision.

Date:   August 4, 2015                             /s/_____
                                               RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE